[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#157) DEFENDANT'S MOTION FOR REIMBURSEMENT
The marriage of the parties was dissolved by a judgment of this court (Axelrod, J.) on December 15, 1999. Incorporated into that judgment of dissolution was a written stipulation of the parties dated December 15, 1999. That stipulated agreement provides, in relevant part, that the defendant shall be responsible for 33% of ". . . reasonable work related day care expenses incurred for the benefit of the minor child(ren)."
The defendant has complied with that order by paying $128.00 per week as his contribution for child day care. CT Page 8472
The defendant has now moved the court to order the plaintiff to reimburse him for what he considers overpayment of his contribution toward child care expenses. He had paid $128.00 per week toward the $400.00 weekly fee paid to a nanny for child care.
The evidence permits the court to find that at the time of the hearing on the motion, the plaintiff had not been employed since June 2000. The unrefuted evidence and testimony is that at a time during which the defendant was paying to the plaintiff $128.00 on weekly basis, the plaintiff's employment terminated and, consequently, the nanny was let go because she was no longer need to care for the children. It is also unrefuted and therefore found by the court that the defendant continued to pay and the plaintiff continued to accept payments for child care expenses when in fact no such costs were being incurred.
There is some question as to the exact number of payments and the sum total of payments made by the defendant after that weekly expense terminated.
The plaintiff raised as a factual basis for not granting the relief sought by the defendant, the claim that the parties had discussed fact of the payments on two separate meetings at the East Ridge Café and that the parties had agreed that the payments would continue to be made by the defendant, not for day care costs, but as a form of increased child support, in lieu of any application by either of them to the court to have child support modified. The defendant denied that any such agreement was reached and he explained his reluctance and failure to make a motion to the court to modify that order was due to threats by the plaintiff that if he moved for that relief, she would seek an increase in the child support and that she would also disrupt his relationship with the parties two minor children.
In addition, the plaintiff maintains that because the defendant never filed a motion to seek a modification of the court order that he make those weekly contributions to child care, he is not now entitled to any reimbursement for such payments because any reimbursement or credit awarded to him for the payments he made would be tantamount to a retroactive modification of child support orders which is prohibited by the holding in Favrow v. Vargas, 231 Conn. 1 (1994) and by the provisions of Sec. 46b-86 (a), General Statutes.
There is no compelling evidence to allow the court to determine which party's version of the two cafe conversations is true and accurate.
It is intriguing that the plaintiff claims the parties had reached an CT Page 8473 out of court agreement to modify the child support (by supplementing the child support by the child care amount) which is binding on the defendant when, at the same time, arguing that absent a proper motion and order, any attempt to by the defendant to modify the child care contribution is impermissible.
The court finds that, in the instant case, the prohibition against retroactive modification of child support is not the issue before the court. The defendant has asked the court to find that the payments, at least for a certain period of time, were paid by the defendant and collected by the plaintiff when no child care expense was actually being incurred. The court has made that finding.
The court further interprets the language in the stipulated agreement of December 15, 1999, and the court's judgment which incorporated that agreement, by giving it the normal and obvious interpretation it deserves. By agreeing to contribute to ". . . reasonable work related day care expenses . . ." (emphasis added), the defendant obligated himself to paying reasonable expenses.
If the defendant had refused to pay the day care expense because he was of the opinion that it was not "reasonable" he would most probably be required to submit the issue to the court for adjudication before he could refuse to pay some or all of it. However, expenses billed for day care expenses, when no such services are in fact being provided, are, implicitly, not "reasonable" expenses and the defendant does not need a "modification" of the agreement to justify his refusal to pay for non-existent services. The defendant is not seeking a modification of his obligation, but rather a finding by the court that he had no duty to continue to make the payments after the services were no longer being rendered.
The plaintiff has failed to prove that those payments were for anything other than child care expenses which were not being provided.
For the foregoing reasons, the defendant's motion for reimbursement is granted.
As the exact number and amount of payments is not clear on the record, the court directs the parties to reach an agreement as to those numbers and to fashion a reimbursement payment schedule.
If the parties are unable to reach such an agreement, the court retains jurisdiction over that issue and the parties are ordered, in that event, to refer the matter to the Family Relations Office for the limited purpose of facilitating such an agreement, and, if necessary, to this CT Page 8474 court if the parties cannot reach an agreement regarding a reimbursement schedule.
By the Court,
Joseph W. Doherty